UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Victor C. Shelton,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 10-295(8) ADM/AJB

_____

LeeAnn K. Bell, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Victor C. Shelton, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a determination of Defendant Victor C. Shelton's ("Shelton") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 536]. Shelton requests a reduction of his sentence in light of Amendment 794 to the United States Sentencing Guidelines. For the reasons set forth below, Shelton's Motion is denied.

## II. BACKGROUND

On April 6, 2011, Shelton pled guilty to one count of aiding and abetting a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See Minute Entry, Apr. 6, 2011 [Docket No. 307]. On September 12, 2011, the Court sentenced Shelton to a term of imprisonment of 92 months to be followed by a three-year term of supervised release. Sentencing J. [Docket No. 387]. The sentence was a downward variance from the advisory guideline range of 110 to 120 months for his total offense level of 25. See Statement Reasons at 1. At sentencing, Shelton did not argue for a minor role reduction. His sentencing memorandum

states that he was an "average participant[] in the underlying conduct." Position Def. Respect Sentencing [Docket No. 375] at 2.

On August 15, 2016, Shelton filed the present Motion requesting that his sentence be reduced from 92 months to 63 months based on Amendment 794, which became effective on November 1, 2015. Amendment 794 clarified the circumstances under which a defendant can receive a reduction as a minor role participant under U.S.S.G. § 3B1.2. See Sentencing Guidelines for United States Courts, 80 FR 25782-01, 2015 WL 1968941, at *25792–93 (May 5, 2015). Shelton seeks to have Amendment 794 retroactively applied to his sentence.

### III. DISCUSSION

Shelton's Motion is premised upon 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). As the text of the statute makes clear, a court is only authorized to reduce the term of imprisonment "if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." Id.

The applicable policy statement for § 3582(c)(2) is U.S.S.G. § 1B1.10. See Dillon v. United States, 560 U.S. 817, 826 (2010). This guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [n]one of the amendments listed in subsection (d) [of § 1B1.10] is applicable to the defendant." U.S.S.G. §1B1.10(a)(2)(A). In turn, subsection

(d) of §1B1.10 lists the specific amendments covered under that policy statement. See § 1B1.10(d). Amendment 794 is not included in the list. See id. Thus, a sentence reduction based on Amendment 794 is not consistent with § 1B1.10 and therefore is not authorized under § 3582(c). See United States v. Bazaldua, No. 06–100, 2016 WL 5858634, at *1 (D. Minn. Oct. 5, 2016) (stating Amendment 794 "is not among those amendments for which collateral relief may be sought under § 3582(c)"); United States v. White, No. 14–27, 2016 WL 4523288, at *2 (W.D. Va. Aug. 26, 2016) (denying request for minor role reduction under § 3582(c)(2) because Amendment 794 is not listed in § 1B1.10 as retroactively applicable); United States v. Gillispie, No. 12–29, 2016 WL 5402781, at *2 (E.D. Ky. Aug. 26, 2016) (same).[1]

Additionally, even if Congress had made Amendment 794 retroactive by including it in § 1B1.10(d), Shelton has not set forth any facts or argument to demonstrate that he would have been eligible for a minor role reduction under the amended Guidelines.

---

[1] The Ninth Circuit has concluded that Amendment 794, which amended only the commentary to § 3B1.2 and not the text of the guideline, is a clarifying amendment rather than a substantive amendment and thus can be applied retroactively on a direct appeal. See United States v. Quintero-Leyva, 823 F.3d 519, 522–24 (9th Cir. 2016). However, Shelton did not appeal his sentence, which became final long before Amendment 794 was created. Therefore, Quintero-Leyva does not apply. See United States v. Fouse, No. 13–108, 2016 WL 4516066, at *1 (N.D. Okla. Aug. 29, 2016) ("Because defendant did not directly appeal his conviction or sentence, Quintero-Leyva is inapplicable."). Additionally, because a clarifying amendment does not constitute a substantive change to the sentencing guidelines, such an amendment does not apply retroactively in a motion for reduction of a sentence under § 3582(c). Altman v. United States, No. 16–3097, 2016 WL 5219599, at *3 (N.D. Ia. Sept. 21, 2016) (citing United States v. Stokes, 300 F. App'x 507, 508 (9th Cir. 2008)).

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Victor C. Shelton's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 536] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 4, 2016.